UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICKY WARE BEY,                                     PARTIAL REPORT
                     Plaintiff,                  AND RECOMMENDATION
         - against -
CYNTHIA BRANN,[1] et al.                            17-CV-3476 (BMC) (JO)
                     Defendants.
-----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

      On June 23, 2017, plaintiff Vicky Ware Bey filed an unsigned Order to Show Cause seeking immediate and permanent injunctive relief prior to an adversary hearing. *See* Docket Entry ("DE") 11 ("OTSC"); DE 11-1 (supporting affidavit) ("Aff."). By order dated June 30, 2017, the Honorable Brian M. Cogan, United States District Judge, referred the matter to me for a report and recommendation. For the reasons set forth below, I now make this brief preliminary report and respectfully recommend that the court deny the request except to the extent the plaintiff seeks preliminary, non-monetary injunctive relief following an adversarial process; to the extent she seeks the latter form of relief, I will submit a further report and recommendation after soliciting the defendants' response and, if necessary, conducting an evidentiary hearing.

      To the extent the plaintiff seeks to litigate her request for a preliminary injunction *ex parte*, the motion is denied, because "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65.

      To the extent the plaintiff seeks money damages, I respectfully recommend that the court deny the request without prejudice to the plaintiff's right to seek such damages in a final judgment on the merits.

---

[1] Cynthia Brann, the Acting Commissioner of the New York City Department of Corrections, is automatically substituted for her predecessor, former Commissioner Joseph Ponte, to the extent the plaintiff has sued the latter in his official capacity. *See* Fed. R. Civ. P. 25(d). I respectfully direct the Clerk to amend the caption accordingly.

To the extent the plaintiff seeks immediate permanent injunctive relief in advance of a hearing (*see* OTSC at 1), I respectfully recommend that the court deny the request for two reasons. First, permanent injunctive relief is not available at this stage of the proceedings. *See* Fed. R. Civ. P. 65(a)(1), (b)(1) (providing for preliminary injunctive relief on notice, and temporary injunctive relief without notice, but providing no authority for ordering permanent relief prior to the entry of judgment). Second, even interpreting the request to seek only temporary relief in advance of a hearing, the plaintiff has not met her burden to "clearly show that immediate and irreparable injury, loss, or damage will result to [her] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In that regard, I note that many of the plaintiff's allegations are either conclusory (*see*, *e.g.*, DE 11-1 at 2 ("The Defendant(s) [including The City of New York, its Department of Corrections, the Corrections Commission, a Corrections Officer, and numerous unknown other individuals] are abusing and harassing [the plaintiff], her family members, and an intimate partner"), or assert facts bearing no apparent connection to any of the named defendants (*see*, *e.g.*, *id.* at 3 (alleging that the plaintiff's father experienced harassment by customers and employees at a Walmart location); *id.* (alleging that the plaintiff's mother experienced unusual traffic congestion while riding a bus and that "a certain Senator was contacted and made his presence known to the Plaintiff as he was pulling out of a parking lot in [the plaintiff's mother's] neighborhood")).

To the extent the plaintiff seeks non-monetary injunctive relief following a hearing, I respectfully order the defendants to show cause in writing why such relief should not be granted by July 21, 2017. Upon reviewing the defendants' submission, I will schedule further proceedings as appropriate.

I respectfully direct the Clerk to mail a copy of this Partial Report and Recommendation to the plaintiff. Any objections to this Partial Report and Recommendation must be filed no later than July 21, 2017. Failure to file objections within this period designating the particular issues to be

reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
June 30, 2017

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge

**No objections have been received. The Court has reviewed this Report and Recommendation and for the reasons stated, adopts it as the Order of this Court.
SO ORDERED: 7/27/2017**

_____
U.S.D.J.